HOUSTON LAWYER REFERRAL SERVICE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7093–77X.     Filed January 19, 1978.

*Christopher D. Rhodes*, for the petitioner.
*Kevin M. Bagley*, for the respondent.

## OPINION

FEATHERSTON, *Judge:* In this action under section 7428[1] for a declaratory judgment that petitioner is entitled to exemption from Federal income taxes under section 501(c)(3), petitioner has filed a Motion to Present Evidence Not Contained in the Administrative Record. Respondent objects on the ground that "good cause" within the meaning of Rule 217(a)[2] has not been shown for the presentation of such evidence. We agree with respondent that petitioner's motion must be denied.

Section 7428(a)[3] confers jurisdiction on this Court to "make a declaration" with respect to the "initial qualification" of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a). Petitioner invokes this jurisdiction and alleges that its application, dated June 3, 1976, for tax-exempt status under section 501(c)(3), was erroneously denied on February 28, 1977. Petitioner alleges that in denying such application, the Secretary erred in concluding:

---

[1] All section references are to the Internal Revenue Code of 1954, in the form applicable in this case.

[2] All references to rules will be to the Rules of Practice and Procedure of this Court.

[3] SEC. 7428. DECLARATORY JUDGMENTS RELATING TO STATUS AND CLASSIFICATION OF ORGANIZATIONS UNDER SECTION 501(c)(3), ETC.

(a) CREATION OF REMEDY.—In a case of actual controversy involving—

    (1) a determination by the Secretary—

        (A) with respect to the initial qualification * * * as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) * * *

\*      \*      \*      \*      \*      \*      \*

upon the filing of an appropriate pleading, the United States Tax Court * * * may make a declaration with respect to such initial qualification * * *

(b) LIMITATIONS.—

\*      \*      \*      \*      \*      \*      \*

(2) EXHAUSTION OF ADMINISTRATIVE REMEDIES.—A declaratory judgment or decree under this section shall not be issued in any proceeding unless the Tax Court, the Court of Claims, or the district court of the United States for the District of Columbia determines that the organization involved has exhausted administrative remedies available to it within the Internal Revenue Service. * * *

A. That the lawyer referral activities of Petitioner result in "substantial" private benefit for the panel members to whom clients are referred, and,

B. That the free legal services provided cannot be considered as charitable because they are provided to persons who are not indigent within the meaning of Rev. Rul. 69–161, 1969–1 C.B. 149.

The facts alleged in the petition "as a basis" for petitioner's exemption are as follows:

A. The activities of the referral service itself are absolutely free to all applicants, irrespective of financial status, and the service is totally dependent upon the legal community for its operating funds.

B. The panel members are expected by the service to handle the problems sent to them irrespective of the referred party's potential ability to pay, and a substantial portion of the referred attorney's total time spent on referral service applicants is donated altogether or at fees far below the normal fees charged by the referral attorneys for regular clients.

C. All donated time is passed along as inkind services to the Houston Legal Foundation, which is a service exclusively for the indigent.

Respondent's answer denies that he erred in his ruling that petitioner is not entitled to tax-exempt status and denies most of the facts alleged as a basis for the exemption claim.

The parties have filed a Stipulation as to Administrative Record to which are attached 14 documents, marked as exhibits 1–A through 14–N. In the stipulation the parties agree that those exhibits "constitute the entire administrative record." We interpret this stipulation to mean that the parties agree that the 14 enumerated exhibits are all the written documents properly includable in the administrative record and that the stipulation was not intended to foreclose petitioner's contention that the Court should consider the additional information referred to in the pending motion.

Petitioner's motion states that, in attempting to obtain an exemption under section 501(c)(3), one of its representatives met with respondent's representatives on several occasions. During these meetings petitioner's representatives orally furnished information which was not formally submitted in writing. Petitioner alleges that, in furnishing such information, its representatives were attempting to receive a favorable determination rather than "perfect a record" for this litigation. Since this information was "submitted" to the Internal Revenue Service, the motion states, it should be introduced in this proceeding by stipulation or testimony. In essence, petitioner's motion is based on the ground that its representatives merely

neglected to confirm this orally furnished information by a letter or other appropriate writing.

Prior to the adoption of section 7428, added by section 1306, Tax Reform Act of 1976, 90 Stat. 1717, taxpayers, whose applications for exempt status under section 501(c)(3) were denied, had no judicial recourse for the review of an adverse Internal Revenue Service ruling except in the context of a deficiency proceeding in this Court or a tax refund suit in a district court or the Court of Claims. In two cases decided in 1974, *Bob Jones University v. Simon*, 416 U.S. 725 (1974), and *Alexander v. "Americans United" Inc.*, 416 U.S. 752 (1974), the Supreme Court commented extensively on the hardship cast upon such organizations by the delay in obtaining a final judgment in these types of court actions. To provide a more appropriate remedy, section 7428 was enacted conferring jurisdiction on this Court along with the United States Court of Claims and the United States District Court for the District of Columbia to enter declaratory judgments as to the status of organizations claiming tax exemptions under section 501(c)(3).

Section 7428 was not intended to remove the responsibility for ruling on the exempt status of organizations from the Internal Revenue Service. Rather the focus of the section is on the review of the Service's administrative determination (or failure to make such determination). The action is called a declaratory judgment, but it has much narrower scope than exists in respect of declaratory judgment litigation in the United States District Courts generally. See prefatory note to amendments to this Court's Rules in respect of declaratory judgments under section 7476 and note to Rule 210, 64 T.C. 1177 (1975). In the final analysis, this Court's function under section 7428 is to resolve disputes as to the legal issues raised by the Internal Revenue Service's denial of an exemption ruling on the basis of uninvestigated statements of facts submitted by the taxpayer in its ruling request and related papers.

In recognition of the limited scope of these declaratory judgment procedures, H. Rept. 94–658, 94th Cong., 1st Sess., 1976–3 C.B. (Vol. 2) 977, accompanying the enactment of section 7428, explains:

> The court is to base its determination upon the reasons provided by the Internal Revenue Service in its notice to the party making the request for a

determination, or based upon any new argument which the Service may wish to introduce at the time of the trial. * * * [4]

The report adds (at pages 979–980):

> For an organization to receive a declaratory judgment under this provision, it must demonstrate to the court that it has exhausted all administrative remedies which are available to it within the Internal Revenue Service. Thus, it must demonstrate that it has made a request to the Internal Revenue Service for a determination and that the Internal Revenue Service has either failed to act, or has acted adversely to it, and that it has appealed any adverse determination by a district office to the national office of the Internal Revenue Service or has requested or obtained through the district director technical advice of the national office. *To exhaust its administrative remedies, the organization must satisfy all appropriate procedural requirements of the Service.* For example, the Service may decline to make a determination if the organization fails to comply with a reasonable request by the Service to supply the necessary information on which to make a determination. [Emphasis added.]

The requirement of the exhaustion of administrative remedies in section 7428(b)(2) is, of course, meaningless if the ruling applicant is permitted to withhold information from the Internal Revenue Service and later introduce it in evidence in the declaratory judgment proceeding. Accordingly, Rule 217(a) provides:

> (a) General: Disposition of an action for declaratory judgment, which does not involve a revocation, will ordinarily be made on the basis of the administrative record, as defined in Rule 210(b)(10). Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined. * * *

Rule 210(b)(10) defines the term "Administrative record" to include all "documents," "protests and related papers," "written correspondence between the Internal Revenue Service and the applicant," "all pertinent returns," "the notice of determination by the Commissioner," and, in the case of an organization claiming exemption, the organization's incorporation and related documents.[5] Thus the definition is expansive and includes all

---

[4]We need not now define the circumstances in which the introduction by respondent before the Court of new reasons for his denial of a favorable determination letter would constitute "good cause" for us to permit petitioner to introduce new evidence in rebuttal.

[5]Rule 210(b)(10) provides in part as follows:

(b) Definitions: As used in the Rules in this Title—

written comments (and correspondence in respect thereto) submitted to the Internal Revenue Service in the Administrative proceedings in respect of the request for determination. However, the definition does not refer to oral representations made in conferences held during the applicant's pursuit of his administrative remedies.

The note accompanying and explaining Rule 217(a) is as follows:

> Although the Rule states that an action not involving a revocation will "ordinarily" be disposed of on the basis of the administrative record, there do not appear to be at this time any circumstances under which a trial will be held except as to disputed jurisdictional facts or to resolve disagreement between the parties as to the contents of the administrative record. It is expected that the Court's function will be merely to adjudicate whether the Commissioner's determination is erroneous (or in the case of a Section 367 action whether the Commissioner's determination is reasonable) upon the basis of the materials contained in the administrative record upon which the determination of the Commissioner was based. The facts and representations revealed by the administrative record will be assumed to be true for purposes of the proceeding, except of course as to ultimate conclusions and inferences that may be drawn therefrom or as to disputed jurisdictional facts. The entire second sentence and the word "ordinarily" in the first sentence appear in the Rule merely out of an abundance of caution to provide for the possibility of a trial on other facts or the presentation of evidence in the event that a situation not now contemplated might arise in which a trial would be appropriate.

The issue thus is whether petitioner's motion shows "good cause" within the meaning of Rule 217(a) for the introduction of

---

(10) "Administrative record" includes the request for determination, all documents submitted to the Internal Revenue Service by the applicant in respect of the request for determination, all protests and related papers submitted to the Internal Revenue Service, all written correspondence between the Internal Revenue Service and the applicant in respect of the request for determination or such protests, all pertinent returns filed with the Internal Revenue Service, and the notice of determination by the Commissioner. In addition—

\*       \*       \*       \*       \*       \*       \*

(ii) In the case of a determination relating to an exempt organization or a private foundation or a private operating foundation, the administrative record shall include the charter or articles of incorporation or association, or trust indenture or agreement, and any similar or related documents of the organization and any modifications thereof.

H. Rept. 94–658, 94th Cong., 1st Sess., 1976–3 C.B. (Vol. 2) 977–978, shows that Congress was aware of the Rules adopted by this Court under sec. 7476, relating to declaratory judgment suits as to retirement plans. Significantly, Rule 210(b)(10), quoted above, follows closely in principle Rule 210(b)(3) of the sec. 7476 rules. Rule 217(a), quoted in part in the text above, is similar to the corresponding Rule 217(a) of those Rules which are printed in 64 T.C. 1180, 1189. Such rules are now supplanted by a new Title XXI of our Rules, dealing with declaratory judgment procedures under secs. 7428, 7476, and 7477. This new Title XXI will be published in volume 68 of the Tax Court Reports.

evidence other than that reflected in the papers filed with the Internal Revenue Service and stipulated to be "the entire administrative record." The question must be answered negatively. Petitioner has not shown "good cause" for the presentation by stipulation or testimony of oral statements made by petitioner's representatives at conferences with the Internal Revenue Service.[6]

As explained in H. Rept. 94–658, *supra*, to exhaust its administrative remedies as required by section 7428(b)(2), the applicant for exemption "must satisfy all appropriate procedural requirements of the Service." H. Rept. 94–658, *supra*, 1976–3 C.B. (Vol. 2) at 979. In this connection, the Commissioner of Internal Revenue has provided a highly detailed procedure for administrative consideration and review of applications for recognition of exempt status. The procedure relevant to the instant proceeding is contained in respondent's Statement of Procedural Rules (hereafter SPR), 26 C.F.R. Part 601 (1976). These procedures make plain that all facts, data, lines of reasoning, precedents, etc., which the applicant wishes to be considered must be reduced to writing for submission to appropriate Service personnel. See SPR, 26 C.F.R. secs. 601.105(b)(5)(v)(*d*), 601.201(e)(2), and 601.201(f)(4) (1976).

The reason for this requirement is apparent from an examination of the procedure prescribed. Such procedure contemplates consideration of applications at the District Director and National Office levels. SPR, 26 C.F.R. sec. 601.201(n)(1) (1976). Furthermore, the procedure governing consideration of an application in the National Office indicates that the meeting, at which the applicant may make an oral presentation, will often be attended by only a subordinate official, whereas the actual decision to rule favorably or unfavorably may be made at a higher level. See SPR, 26 C.F.R. sec. 601.105(b)(5)(v)(*c*) (1976), made applicable to applicants such as petitioner by SPR, 26 C.F.R. secs. 601.201(n)(2)(ii) and 601.105(b)(5)(vi)(*b*) (1976). Unless matters discussed at a conference are reduced to writing, the official who makes the decision

---

[6]Petitioner's motion is not clear as to whether petitioner's testimony or the suggested stipulation would be limited to a summary of the oral statements made by petitioner's representatives during the meetings in the District and National Offices on the exemption application or whether it would take a wider range. Either procedure would not be permissible under Rule 217(a).

on the ruling may not have such matters brought to his attention.

SPR, 26 C.F.R. sec. 601.105(b)(5)(v)(*d*) (1976) provides in pertinent part as follows:

It is the responsibility of the taxpayer to furnish to the National Office, within 21 calendar days after the conference, a written record of any additional data, line of reasoning, precedents, etc., that were proposed by the taxpayer and discussed at the conference but were not previously or adequately presented in writing. * * * [7]

This rule requiring the taxpayer to reduce to writing all information he wishes to be considered is entirely reasonable. Obviously the burden of doing so should not be cast on respondent since that would spawn endless controversy over whether the Internal Revenue Service conferees fulfilled such obligation adequately. The applicant must furnish the writing so that the responsible official in the administrative hierarchy will have the information necessary to make the appropriate decision.

Ruling on an exemption application is basically an administrative function. The procedural rules indicate that the Internal Revenue Service does not investigate the facts submitted in support of an initial exemption qualification ruling. It accepts the submitted statements as true. To allow oral testimony as to what was said at the conferences at the various levels or as to facts not otherwise in the administrative record to be introduced in evidence by testimony or stipulation in a section 7428 declaratory judgment proceeding would convert that proceeding from a judicial review of administrative action to a trial de novo. It would permit an applicant to withhold information from the Internal Revenue Service and then to introduce it before the Court. We find nothing in the language of section 7428 or its legislative history indicating that was intended.

While this conclusion at first blush may seem harsh, it is not. An adverse decision in a declaratory judgment proceeding does

---

[7]The foregoing rule was in effect prior to the enactment of sec. 7428 and thereafter. Effective June 13, 1977, after petitioner's application was denied, the Service issued Rev. Proc. 77–21, 1977–24 I.R.B. 26, 27, sec. 4.04, which states:

"Any oral representation of additional facts or modication [sic] of the facts as represented or alleged in the application for a ruling or determination must be reduced to writing."

For a similar provision relating to declaratory relief under sec. 7476 in respect of pension plans, see SPR, 26 C.F.R. sec. 601.201(o)(9)(ii) (1976).

not preclude the applicant from filing a new exemption application with which he furnishes the appropriate data for inclusion in the administrative record. Since a new administrative record would then underlie respondent's second denial of a favorable determination letter, this Court would not be precluded by principles of res judicata from entertaining a second petition to review respondent's second action. See H. Rept. 94–658, 94th Cong., 1st Sess., 1976–3 C.B. (Vol. 2) 978. Mere neglect to comply with the Commissioner's direction, quoted above, to furnish a written record of data orally furnished at District or National conferences is not good cause within the meaning of Rule 217(a). Accordingly, petitioner's motion must be denied.

*An appropriate order will be entered.*

Reviewed by the Court.

FAY, *J.*, concurring: I agree with the majority that oral communications which are not reduced to writing should not constitute part of the "administrative record" as defined in our Rule 210(b)(10). Furthermore, under the facts as presented in the majority's opinion, I would agree that petitioner has completely failed to meet the "good cause" standard of Rule 217(a), thereby precluding the introduction of oral communications as evidence to be considered in addition to that contained in the administrative record. However, it is not clear from a reading of the opinion whether the majority is holding that petitioner's mere failure in the instant case to reduce its oral communications to writing constitutes a failure by petitioner to exhaust its administrative remedies. Presumably, we are not so holding, otherwise, as I read the statute, we would have no jurisdiction to decide this case. That being so, based on my understanding of the doctrine of exhaustion, I believe its discussion by the majority is unnecessary to our decision and I am concerned that it may be misconstrued in future cases.