LIBERTY MINISTRIES INTERNATIONAL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Liberty Ministries International v. Commissioner
Docket No. 21193-81X.
United States Tax Court
T.C. Memo 1984-260; 1984 Tax Ct. Memo LEXIS 416; 48 T.C.M. (CCH) 105; T.C.M. (RIA) 84260; May 14, 1984. *416 Held, P's Motion to Strike Allegations in R's Answer in a declaratory judgment action is denied, where the allegations of R's answer have a clear basis in the administrative record filed with the Court. Richard E. Timbie and Scott D. Michel, for the petitioner. Joseph T. Chalhoub and Henry G. Salamy, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is presently before the Court on petitioner's Motion *417 to Strike certain portions of respondent's answer, filed on November 29, 1982, pursuant to Rule 52, Tax Court Rules of Practice and Procedure.[1]
Petitioner maintained its principal place of business in Mechanicsville, Virginia, at all times relevant hereto. On April 16, 1980, petitioner filed with the Internal Revenue Service an Application for Recognition of Exemption, Form 1023, seeking a determination with respect to its status as an organization exempt from Federal income tax under section 501(c)(3). After respondent failed to issue a notice of determination within 270 days from the date of request, petitioner filed a petition for declaratory judgment (exempt organization) on August 13, 1981, pursuant to section 7428 and Rule 211(f). [2] By Order dated September 16, 1982, respondent was given until October 15, 1982 to *418 file an answer. The time therefor was extended to October 29, 1982, on which date respondent filed his answer with attached Index to Administrative Record. [3] The Administrative Record, as stipulated to by the parties, was filed on November 29, 1982. Petitioner, by and through its motion, seeks to strike certain portions of respondent's answer urging (1) that certain portions of the answer have no basis in the administrative record; and (2) that respondent has not requested permission of the Court to supplement the administrative record upon good cause shown. Specifically, petitioner seeks to strike subparagraphs 9(a) through (d) and 10(c) through (p) of the answer, which read as follows: 9(a) Petitioner is operated in furtherance of a substantial non-exempt commercial purpose. (b) Petitioner serves the substantial private interests of designated *419 individuals including the head of the organization, its trustees, and other members. (c) Petitioner is not operated for exclusively religious purposes because it does not engage in religious activities. (d) A part of the earnings of the petitioner inure to the benefit of the head of the organization, its trustee, and its members. 10. * * * (c) The purported religious doctrines or beliefs are generalized and largely uninformative. (d) The "Head of the Church" claims ordination as a minister by a congregation made up of his wife and one other individual. (e) The principal office of petitioner is a post office box mailing address. (f) Petitioner neither shows that it has, nor includes plans for, a permanent place of worship to carry on any traditional sacerdotal functions outside of a person's home. (g) Petitioner's ministry consists of recruiting members who pay for information aimed at the establishment of auxiliary church-in-home chapters with no regularly conducted religious services or permanent places of worship outside of a home. (h) Petitioner has no established congregation served by an original ministry that conducts regular religious services. (i) *420 Petitioner does not provide religious education for children of members. (j) Petitioner does not include a body of believers or communicants that assembles regularly in order to worship. (k) Petitioner's purported religious doctrine consists primarily of information on how to become a religious organization exempt from Federal income taxes. (l) Petitioner promulgated its "doctrine" to the public in return for a required "donation commitment." (m) Petitioner provides its members with the option of becoming a "member of the religious ORDER OF ALMIGHTY GOD" by taking a "VOW OF POVERTY." (n) Petitioner provides large unexplained expenditures for "Ministers' donations & benefits" and for a "Missionary Support Ministry." (o) Members of petitioner's governing body have assigned and plan to assign unexplained income or assets to the organization. (p) Petitioner is a sham organization and not a church within the meaning of I.R.C. [sec.] 170(b)(1)(A)(i). Rule 210(b)(11) defines the term "Administrative record" to include all "documents", "protests and related papers", "written correspondence between the Internal Revenue Service and the applicant", *421 "all pertinent returns", "the notice of determination by the Commissioner", and, in the case of an organization claiming exemption, the organization incorporation and related documents. Thus, the definition is expansive and includes all written comments (and correspondence in respect thereto) submitted to the Internal Revenue Service in the administrative proceedings in respect of the request for determination. Houston Lawyer Referral Service, Inc. v. Commissioner,69 T.C. 570, 574-575 (1978). The facts contained in the administrative record, as stipulated to by the parties, are assumed to be true for purposes of a declaratory judgment. Rule 217(b)(1). This Court may permit the administrative record to be supplemented only upon a showing of good cause. Rule 217(a). To permit otherwise would be inconsistent with the Court's function in a declaratory judgment action of reviewing the administrative determination (or failure to make a determination) [4] and not converting the proceeding into a trial de novo. [5]
*422 Petitioner's motion to strike [6] may be granted only if the allegations contained in respondent's answer are clearly not based in the administrative record. See and compare Allen v. Commissioner,71 T.C. 577, 579 (1979). In general, motions to strike pleadings have not been favored by the Federal courts. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore & J. Lucas, Moore's Federal Practice, par. 12.21[2], at 2429 (2d ed. 1983). See Estate of Jephson v. Commissioner,81 T.C. 999, 1000-1001 (1983). *423 Respondent bears the burden of proof in this action as to all matters (except jurisdictional and similar matters), since he has not issued a letter of determination. Rule 217(c)(2)(i) and (ii). See Gladstone Foundation v. Commissioner,77 T.C. 221 (1981), the concurring opinion (Simpson, J.) at 237. When no letter of determination has been issued, the answer shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense. In addition, the answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof. Rule 213(a)(2). Reading the allegations in the answer in a light most favorable to respondent, as the party whose statements are sought to be stricken, we are satisfied that the answer meets all of the requirements enunciated above. The matters raised by respondent in his answer have a clear basis in the administrative record, which we have carefully reviewed in its entirety, and are necessary to fully advise petitioner and the Court of the nature of respondent's defenses. Rules 31(a) and 213(a)(2). Moreover, *424 the facts alleged in the answer are of such a nature as should be within petitioner's knowledge or easily ascertainable by it. Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). Thus, petitioner is on notice of the defenses and retains its right to file a reply to the answer. Rule 213(b). Petitioner principally relies on two cases in support of its position. Its reliance thereon is misplaced. To begin with those cases are readily distinguishable from the case at bar and neither of them deals with the matter we have before us for consideration. In Houston Lawyer Referral Service, the petitioner, after the administrative record had been filed, requested that it be permitted to introduce the contents of oral communications (by stipulation or testimony) [7] made by the parties that were not previously contained in the administrative record. Similarly, in Church in Boston v. Commissioner,71 T.C. 102 (1978), the petitioner sought to introduce additional facts regarding curative measures that had been taken after respondent's adverse determination letter had been issued. In each case, we refused to permit the introduction or supplemental *425 information to augment the administrative record. Unlike the cases relied upon by the petitioner, respondent, here, is not seeking to introduce additional information to augment the administrative record filed on November 29, 1982. The defenses raised in the answer, as well as the supporting facts, have a clear basis in the existing administrative record as filed with the Court. Furthermore, those allegations are relevant and material to the controversy to be resolved by the Court. In view of the foregoing, petitioner's motion to strike will be denied. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(1), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All section references are to the Internal Revenue Code of 1954, as amended.
2. In his answer, inter alia, respondent conceded that petitioner had exhausted its administrative remedies within the Internal Revenue Service by the failure of respondent to act within 270 days after the date of the request for determination. Accordingly, this Court has jurisdiction of this case. ↩
3. See Rule 213(a)(3).↩
4. See Note to Rule 210, 68 T.C. 1031, 1032 (1977). ↩
5. Houston Lawyer Referral Service, Inc. v. Commissioner,69 T.C. 570, 577 (1978). See Southwest Virginia Professional Standards Review Organization, Inc. v. United States, Civil Action No. 77-1691, an unreported case ( D.D.C. 1978, 42 AFTR2d 78↩-6167, 78-2 USTC par. 9747).
6. Rule 210 provides in pertinent part--"* * * Except as otherwise provided in this Title, the other Rules of Practice and Procedure of the Court, to the extent pertinent, are applicable to such actions for declaratory judgment. * * *." Here, we consider petitioner's motion to be filed pursuant to Rule 52, which reads-- Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 30 days after the service of the pleading, or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. In like manner and procedure, the Court may order stricken any such objectionable matter from briefs, documents, or any other papers or responses filed with the Court. It is clear that the allegations sought to be stricken do not present an insufficient claim or defense nor are they redundant, immaterial, impertinent, frivolous or scandalous.↩
7. We have made it clear that either procedure would not be permissible under Rule 217(a). Houston Lawyer Referral Service, Inc. v. Commissioner,supra↩ at 576-577.