THE NATIONALIST MOVEMENT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nationalist Movement v. Commissioner
Docket No. 10540-91X
United States Tax Court
T.C. Memo 1992-698; 1992 Tax Ct. Memo LEXIS 736; 64 T.C.M. (CCH) 1479; December 7, 1992, Filed *736 For Petitioner: Richard Barrett. For Respondent: Vivian A. Moore. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: Respondent determined that The Nationalist Movement (petitioner) does not qualify for exemption from Federal income taxation under section 501(c)(3). [1] Petitioner has invoked the jurisdiction of this Court by filing a petition for declaratory judgment pursuant to section 7428(a). The case is presently before the Court on petitioner's motion to compel discovery filed pursuant to Rule 104(b). The issue for decision is whether petitioner should be permitted to proceed with discovery under the circumstances presented. Background
Petitioner is a Mississippi corporation. Petitioner's charter of incorporation states, in pertinent part, that it is organized for the purpose of promoting democracy and the rights of the American people. *737 A prospective member is asked "to affirm his respect for freedom, America, Christianity, social justice, the English language, the white race and the work ethic and to be opposed to communism." In a final adverse ruling letter dated March 27, 1991, respondent determined that petitioner does not qualify as an organization exempt from taxation as defined in section 501(c)(3). The adverse ruling letter states in pertinent part: Your activities demonstrate that you are not operated exclusively for exempt charitable or educational purposes as required by section 501(c)(3). Furthermore, you are operated in furtherance of a substantial nonexempt, private purpose. Petitioner filed a petition for declaratory judgment with this Court on May 29, 1991. Petitioner assigns error to respondent's determination that petitioner is not operated exclusively for charitable or educational purposes and that petitioner is operated in furtherance of a substantial nonexempt, private purpose. In the alternative, petitioner alleges that certain of respondent's revenue rulings and revenue procedures are unconstitutional on their face or as applied to petitioner and that "Petitioner is treated unequally *738 in the premises to others similarly situated, so as to abridge Petitioner's rights to due process of law and equal protection of the laws, under the First, Fifth, and Fourteenth Amendments." In an answer filed on July 30, 1991, respondent alleged that the Court lacks jurisdiction to declare certain revenue rulings and revenue procedures unconstitutional. By letter dated September 17, 1991, petitioner transmitted an informal discovery request consisting of a combination of interrogatories and document requests to respondent. By letter dated September 24, 1991, respondent advised petitioner that responses to petitioner's informal discovery request would not be forthcoming on the ground that Rule 217(a) generally does not contemplate discovery in declaratory judgment cases involving the initial qualification of an organization. On October 4, 1991, petitioner filed a motion to transfer or, alternatively, a motion to strike. In particular, petitioner requested that its case be transferred to a Federal district court in the event this Court lacks jurisdiction to address the constitutional issues raised by petitioner or, in the alternative, to strike that portion of respondent's answer *739 alleging that the Court lacks jurisdiction over the constitutional issues raised. On October 30, 1991, respondent filed an objection to petitioner's motion to transfer or, alternatively, a motion to strike. By order dated March 24, 1992, petitioner's motion to transfer or, alternatively, motion to strike was denied on the ground that this Court is vested with jurisdiction to address the constitutional issues raised herein. By letter dated April 10, 1992, petitioner renewed its request for informal discovery. In sum, petitioner seeks information from respondent regarding: (1) Applications for exemption from taxation filed within the last 5 years by organizations with an ethnic, national, or nationalistic animus in their name or purpose; (2) the identity and litigation history of any organizations analyzed under one of four revenue rulings; (3) whether specific organizations are exempt from taxation; (4) whether any nonpublic guidelines, rules, or regulations were employed in analyzing petitioner's application for exemption from taxation and whether petitioner was treated differently from others similarly situated; and (5) the identity of those involved in the ruling process with *740 respect to petitioner's application and any memoranda, data, files, research, or correspondence, not privileged and not already produced, relating to this case. By letter dated April 22, 1992, respondent again declined to respond on the same grounds articulated in its letter dated September 24, 1991. On July 1, 1992, petitioner filed a motion to compel discovery. On July 27, 1992, respondent filed an objection to petitioner's motion to compel discovery. Discussion
Section 7428(a) confers jurisdiction on this Court to make a declaration with respect to the initial qualification of an organization as an organization described in section 501(c)(3) that is exempt from taxation under section 501(a).[2]Houston Lawyer Referral Serv. v. Commissioner, 69 T.C. 570, 571 (1978) (Court reviewed). To qualify for an exemption under section 501(c)(3), an organization must demonstrate that: (1) It is organized and operated exclusively for certain specified exempt purposes; (2) no part of its net earnings inures to the benefit of a private shareholder or individual; (3) no part of its activities constitutes intervention or participation in any political campaign *741 on behalf of any candidate for public office; and (4) no substantial part of its activities consists of political or lobbying activities. American Campaign Academy v. Commissioner, 92 T.C. 1053, 1061-1062 (1989). In addition, the organization must establish that its purpose is not contrary to public policy. Bob Jones University v. United States, 461 U.S. 574, 592 (1983) ("The institution's purpose must not be so at odds with the common community conscience as to undermine any public benefit that might otherwise be conferred").
*742 It is well established that the Court's function under section 7428 generally is limited to a review of respondent's administrative determination. Church in Boston v. Commissioner, 71 T.C. 102, 105 (1978); Houston Lawyer Referral Serv. v. Commissioner, supra at 573. The burden of proof is on petitioner to overcome the grounds for denial of the exemption set forth in respondent's determination. Rule 217(c)(2)(A); Christian Manner International v. Commissioner, 71 T.C. 661, 664-665 (1979); Hancock Academy of Savannah, Inc. v. Commissioner, 69 T.C. 488, 492 (1977). In making our declaration in such cases, we are not expected to conduct a trial de novo. American Campaign Academy v. Commissioner, supra at 1063. Consistent with this proposition, Rule 217(a) states in pertinent part: (a) General: Disposition of an action for declaratory judgment, which does not involve either a revocation or the status of a governmental obligation, will ordinarily be made on the basis of the administrative record, as defined in Rule 210(b)(10). *743 Only with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined. * * * The term "administrative record" is defined in Rule 210(b)(10) as the request for determination, all documents submitted to the Internal Revenue Service by the applicant in respect of the request, and the notice of determination by the Commissioner. Only in very unusual circumstances will the Court permit either party to supplement the administrative record. In this regard, the note accompanying and explaining Rule 217(a), which is reprinted in 68 T.C. 1047-1048 (1977), states: Although the Rule states that an action not involving a revocation will "ordinarily" be disposed of on the basis of the administrative record, there do not appear to be at this time any circumstances under which a trial will be held except as to disputed jurisdictional facts or to resolve disagreement between the parties as to the contents of the administrative record. It is expected that the Court's function will be *744 merely to adjudicate whether the Commissioner's determination is erroneous * * * upon the basis of the materials contained in the administrative record upon which the determination of the Commissioner was based. * * * The entire second sentence and the word "ordinarily" in the first sentence appear in the Rule merely out of an abundance of caution to provide for the possibility of a trial on other facts or the presentation of evidence in the event that a situation not now contemplated might arise in which a trial would be appropriate. See Christian Manner International v. Commissioner, supra at 661 n.2 (record may not be supplemented with oral testimony to enlighten the Court on the true meaning of the various ministries conducted by the taxpayer); Church in Boston v. Commissioner, supra at 105 (absent good cause, taxpayer precluded from supplementing administrative record with additional facts arising subsequent to respondent's determination). Rule 217 does not expressly preclude discovery in declaratory judgment actions respecting the initial qualification of an organization for exemption from taxation. Nonetheless, *745 it seems evident that discovery in such cases is inconsistent with the rule that such cases will be resolved without a trial based solely on the materials contained in the administrative record. See Halliburton Co. v. Commissioner, T.C. Memo. 1992-533, denying respondent's motion to compel discovery in a declaratory judgment proceeding brought pursuant to section 7476 relating to the qualification of certain retirement plans. With the foregoing as background, we return to the question of whether petitioner should be permitted to proceed with discovery in the instant case. Petitioner alleges in the first instance that respondent erred in concluding that petitioner failed to satisfy the traditional criteria for establishing exemption from taxation, i.e., that petitioner is not operated exclusively for exempt purposes and that petitioner is operated in furtherance of a substantial nonexempt, private purpose. Normally, issues such as these are properly resolved based solely on the administrative record, and petitioner has presented no persuasive reason why we should depart from this approach. Houston Lawyer Referral Serv. v. Commissioner, supra. *746 Petitioner also alleges in its petition that it has been "treated unequally in the premises to others similarly situated, so as to abridge Petitioner's rights to due process of law and equal protection of the laws, under the First, Fifth, and Fourteenth Amendments." Petitioner contends that discovery is essential at this stage of the proceedings to enable petitioner to present these constitutional arguments to the Court and to allow for a full and fair disposition of the case. We have considered allegations of disparate treatment or selective enforcement in analogous circumstances in the past. See Retired Teachers Legal Defense Fund, Inc. v. Commissioner, 78 T.C. 280, 283 (1982); General Conference Of The Free Church v. Commissioner, 71 T.C. 920, 931-932 (1979); New Concordia Bible Church v. Commissioner, T.C. Memo. 1984-619; see also Church of Scientology v. Commissioner, 83 T.C. 381, 447-454 (1984), affd. 823 F.2d 1310 (9th Cir. 1987). Petitioner has failed to show why it could not have raised this issue during the administrative *747 stage of this case and thus have developed the administrative record in support of its allegation. It is not a sufficient answer to argue that an allegation of disparate treatment can only arise after the final adverse determination letter is issued. The Commissioner's Statement of Procedural Rules expressly provides for protest and review as part of the administrative process. See generally sec. 601.201(n), Statement of Procedural Rules. Moreover, the Commissioner's Publication 78 lists the specific organizations that have been granted an exemption from tax under section 501(c)(3), and section 6104(a) provides that such organizations' applications for exemption from taxation, together with any papers submitted in support of such applications and any letter issued by the Internal Revenue Service, shall be open to public inspection. Petitioner has failed to show that it had neither the opportunity nor the ability to develop at the administrative stage its claim of disparate treatment. We have generally not found good cause for supplementing the administrative record where the party seeking to do so has failed to avail itself of the opportunity to include such information in the *748 record at the administrative stage. See, e.g., Unitary Mission Church v. Commissioner, 74 T.C. 507, 515-516 (1980); Dr. Erol Bastug, Inc. v. Commissioner, T.C. Memo. 1989-262; Colorado Chiropractic Society v. Commissioner, T.C. Memo. 1989-8. Again, petitioner has failed to show that this restriction should not apply in the present case. We do not believe that petitioner's allegation of disparate treatment or selective enforcement provides a sufficient basis for compelling discovery. Without more, discovery at this time would amount to a veritable "fishing expedition" and would contravene Rule 217(a). See, e.g., Wisconsin Psychiatric Services v. Commissioner, 76 T.C. 839, 846 (1981). Under the circumstances, we are not persuaded that petitioner has established "good cause" such that the Court should exercise its discretion to compel discovery. Petitioner's motion will therefore be denied. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code of 1986. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 7428(a) provides in pertinent part: SEC. 7428. DECLARATORY JUDGMENTS RELATING TO STATUS AND CLASSIFICATION OF ORGANIZATIONS UNDER SECTION 501(c)(3), ETC. (a) Creation of Remedy. -- In a case of actual controversy involving -- (1) a determination by the Secretary -- (A) with respect to the initial qualification * * * of an organization described in section 501(c)(3) which is exempt from tax under section 501(a) * * *, * * * * upon the filing of an appropriate pleading, the United States Tax Court * * * may make a declaration with respect to such initial qualification * * * ↩