T.C. Memo. 1996-291


UNITED STATES TAX COURT


THE CHURCH OF THE LIVING TREE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4608-95X.                    Filed June 24, 1996.


John Stahl (an officer), for petitioner.

<u>Charles B. Burnett</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  By petition filed March 24, 1995, The Church
of the Living Tree (petitioner) through John Stahl, trustee,
filed a petition for a declaratory judgment under section 7428
that petitioner was entitled to exemption from income tax under
section 501(c)(3) as a church.

All statutory references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure, except as otherwise noted.

At the time of filing the petition herein, petitioner was located in Leggett, California.

Respondent having filed with her answer herein the index of the administrative record, under Rule 213(a)(3), and the parties having stipulated the full administrative record, the case is to be decided on the basis of such administrative record, Rule 217. By stipulation of the parties, the case was submitted under Rule 122. As specified in Rule 210(c), the Court has jurisdiction of this action for declaratory judgment in that respondent has issued an adverse determination as to petitioner's qualification for exemption under section 501(c)(3); petitioner organization was in existence at the time this action was brought; this petition was brought within the time limits of section 7428(b)(3); and respondent has conceded that petitioner has exhausted available administrative remedies. The facts found herein are those in the administrative record as stipulated by the parties. Rule 217(b)(1).

Petitioner is an unincorporated association organized on July 8, 1992. Its articles of organization were submitted and signed by John Stahl as founder, and he, together with two other individuals, became the initial trustees and the governing body of petitioner. The organizational documents provide for "project communities" at various places, each of which will elect a

"steward" to serve on the board of directors of petitioner at such time as these are formed. Likewise, the authority of the trustees will eventually be held by the "Advocate of the Tree" who will be the church's chief executive and spiritual leader. The Advocate of the Tree will be selected by a seminary of The Church of the Living Tree. To date, there has apparently been no establishment of any project community other than petitioner's home address, nor has there been any election of a board of directors, nor has there been any establishment of a seminary and the election of an Advocate of the Tree. Thus, as far as this record shows, the initial named trustees, of which John Stahl is one, appear to be in charge of petitioner.

John Stahl has been a letterpress printer since 1970. He later began to use handmade paper. Since 1971, he has been principally involved in the publishing and papermaking business; in 1988, he established a facility for making handmade paper on his 66-acre property located in the mountains of Mendocino County near Leggett, California (the Mendocino County property), making 500 sheets of handmade paper a week. He also has published articles from time to time, and in 1971 he founded the Evanescent Press in Montreal, Canada, which he operated as an unincorporated sole proprietorship.

After petitioner's organization, the Evanescent Press was deeded to petitioner by its owner, John Stahl. Nevertheless, since the transfer to petitioner by John Stahl in 1993, the

Evanescent Press has retained its letterhead and title, and its income and expense was reported in John Stahl's personal income tax return for the year 1993.

In September 1993, John Stahl deeded to petitioner the Mendocino County property mentioned above, the Evanescent Press, an automobile, and other miscellaneous property. Although petitioner now owns the property, Mr. Stahl, his wife, and two daughters (inter alia) continue to live there rent free; they receive no salary from petitioner. All utilities, taxes, and insurance on the Mendocino County property and the Evanescent Press are now apparently paid by petitioner. As part of the conveyance of the Mendocino County property to petitioner by Mr. Stahl, petitioner assumed liabilities in the form of two mortgages on the property, as well as assuming the burden of a small amount of commercial credit advanced to the Evanescent Press and some personal credit card debt of John Stahl himself.

Petitioner filed a Form 1023, Application for Recognition of Exemption Under Section 501(c)(3), on October 12, 1992. The application requested a ruling that petitioner was exempt from tax under section 501(c)(3) and was other than a private foundation under section 509(a)(1) because it qualified as a church under section 170(b)(1)(A)(i). In the application, as a statement of the "detailed narrative description of all the activities of the organization--past, present, and planned", petitioner stated as follows:

Our primary activity is the cultivation and planting of trees. This is ongoing. Through the organization of the Church, we hope to accelerate our planting of trees.

Our main secondary activity is to work towards establishing an industry of papermaking from appropriate fiber sources (e.g., kenaf, hemp, rice, straw, etc.) to relieve trees from the assaults of the pulp and paper industry for wood chips.

As a hand paper maker, I experiment with alternative fibers and am ready to proceed to papermaking on a larger scale as a pilot project for the future.

Thereafter, a period of correspondence ensued between respondent and petitioner concerning petitioner's support and activities in which petitioner engaged or proposed to engage. In 1994, in response to inquiries from respondent, petitioner indicated that it was willing to amend its charter of organization in certain respects and enclosed a proposed draft of language for such amendment. Nevertheless, the record does not show that such amendment to petitioner's articles of organization was ever adopted. In April 1994, respondent notified petitioner that she proposed to rule adversely to petitioner's request for exemption on the grounds, inter alia, that it was not a church. In May 1994, petitioner protested this proposed ruling.

Nevertheless, on January 10, 1995, respondent issued her final adverse ruling letter, denying petitioner's request for exemption under section 501(c)(3). In denying petitioner's request for exemption, respondent stated:

You are not operated exclusively for exempt purposes within the meaning of section 501(c)(3) of the Code. You serve private rather than public interests. Your net income ensures to the benefit of private individuals. Your activities further substantial nonexempt purposes. Furthermore, you have not established that you will engage in scientific research within the meaning of section 501(c)(3) of the Code. Finally, you do not qualify as a church within the meaning of the Code.

This petition followed, asking that the Court rule that petitioner qualifies for exemption under section 501(c)(3), and that it further qualifies as a church under sections 509(a)(1) and 170(b)(1)(A)(i).

The focus of a section 7428 action in this Court is the review of respondent's administrative determination that petitioner is not exempt. The Court's review of the Service's determination in an initial application case is limited to the materials contained in the administrative record before the Court. Rule 217(a); Houston Lawyer Referral Serv., Inc. v. Commissioner, 69 T.C. 570, 575 (1978). Petitioner bears the burden of proving that respondent's determination was erroneous. Rule 217(b)(2); Hancock Academy of Savannah, Inc. v. Commissioner, 69 T.C. 488, 492 (1977); The Church in Boston v. Commissioner, 71 T.C. 102, 106 (1978). Petitioner does not qualify for exemption, regardless of whether it furthers exempt purposes, if it also furthers a substantial nonexempt purpose. See Better Business Bureau v. Commissioner, 326 U.S. 279, 283-284 (1945). The question of whether a substantial nonexempt purpose

is being furthered is one of fact. Christian Stewardship Assistance v. Commissioner, 70 T.C. 1037, 1042 (1978); Christian Manner International v. Commissioner, 71 T.C. 661, 668 (1979). The question of whether net earnings inure to the benefit of a private shareholder or individual is also one of fact. Unitary Mission Church v. Commissioner, 74 T.C. 507, 514 (1980), affd. without published opinion 647 F.2d 163 (2d Cir. 1981).

As we consider the administrative record in this case that has been presented by the parties, we come to the conclusion that petitioner has failed to carry its necessary burden of proof to show that it has been and is being operated exclusively for exempt purposes within the meaning of section 501(c)(3). As is made clear by the statement in petitioner's application for exemption, which we have quoted, the primary purpose of the organization is to plant trees, with a secondary purpose to promote and establish the industry of papermaking, perhaps using alternative materials other than paper from wood pulp. Petitioner has not shown that its objective to encourage the papermaking industry is a public and charitable purpose.

Further, there is no showing in this record that petitioner's net income does not serve private purposes and does not accrue to the benefit of individuals. What information is provided--and we concede that this present petitioner seems to be only in the initial or "shell" stages--is that John Stahl, his wife, and children are afforded rent-free housing on petitioner's

property that was deeded to it by John Stahl; furthermore, it appears that petitioner took over the burden of debts owed on the property as well as personal debts of John Stahl and his proprietorship printing venture. Petitioner has simply failed to show in this record that it is operated exclusively for exempt purposes. The implication from the scanty record presented is rather to the contrary. The rather vague references to the development of alternative papermaking resources from materials other than wood pulp, and the projects to secure Government assistance in furthering such projects, all tend to be in aid of the papermaking and printing industries, as opposed to a nonprofit public purpose.

In cases like this one, the courts have considered the question of exemption under section 501(c)(3) before deciding whether the organization constitutes a church within the meaning of the Code. Only in the event the Court finds that petitioner qualifies for exemption under section 501(c)(3) must the Court further decide whether petitioner is a church. The Basic Unit Ministry of Alma Karl Schurig v. United States, 511 F. Supp. 166 (D.D.C. 1981), affd. per curiam 670 F.2d 1210, 1212 (D.C. Cir. 1982); American Guidance Found. v. United States, 490 F. Supp. 304, 306 (D.D.C. 1980), affd. without opinion __ F.2d __ (D.C. Cir. 1981). Since we have held that petitioner does not qualify as an exempt institution under the provisions of section

501(c)(3), we need not go further and examine whether or not petitioner would qualify as a church under section 170.

<u>Decision will be entered</u>

<u>for respondent</u>.