**CHARLESTON CHAIR COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. 6995.

United States District Court
E. D. South Carolina,
Charleston Division.

Jan. 30, 1962.

Jack White, Charleston, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Charleston, S. C., and Lee Vaseliades, U. S. Department of Justice, Washington, D. C., for defendant.

MARTIN, District Judge.

This is an action for the recovery of excess profits and income taxes for the year 1951 and for the years 1953 through 1955 in the amount of $5,317.96, plus interest. The questions presented are:

1. Whether the Charleston Chair Foundation qualified as a charitable or educational entity organized and operated exclusively for such purposes within the purview of Section 101(6) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 101(6), and Section 501(c) (3) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 501(c) (3).

2. Whether the operations of the Charleston Chair Foundation qualified under those sections when, in fact, a substantial portion of the scholarship awards have been granted to the son of a prominent officer of the donor corporation who is also a trustee of the Foundation.

## FINDINGS OF FACT

The taxpayer, as the donor, created, by a trust agreement in December of 1951, the Charleston Chair Foundation. The purposes stated in the instrument were to expend funds for educational and charitable purposes, to provide educational opportunities to employees of the donor and their children by awarding scholarships, and to provide assistance to eligible charitable organizations. With the exception of Mr. Gordon Garrett, Superintendent of Schools of North Charleston, South Carolina, all trustees have been employees, stockholders and officers of the donor and taxpayer. The trust is not revocable and neither the corpus nor the income may revert to the donor.

The Charleston Chair Foundation was denied an exemption under the provisions of Section 101(6) of the Internal Revenue Code of 1939 and Section 501(c) (3) of the Internal Revenue Code of 1954 by the Commissioner of Internal Revenue because the trust was found not to qualify as a charitable or educational organization. Therefore, contributions made by the Charleston Chair Company to the Foundation were disallowed by the Commissioner as charitable deductions as follows:

| | |
|---|---|
| 1951 | $2,000 |
| 1953 | $1,475 |
| 1954 | $1,000 |
| 1955 | $2,100 |

The deductibility of these amounts, admittedly paid to an allegedly qualified charitable or educational foundation, is the subject of this controversy.

By the terms of the trust instrument the trustees of the Foundation were given sole discretion in determining the beneficiaries of, the number of, and the amounts of the scholarships to be awarded, but the recipients were limited to employees of the donor and their children.

During the period December 28, 1951, to February 2, 1956, the Foundation's total income and/or receipts was $9,133.-80; $2,260 of this amount was distributed to charitable organizations; $100 was given to the Citadel Educational Foundation; $6,561.30 was distributed on behalf of four children of employees of the donor who were recipients of scholar-

ships. Of this last amount, $2,236.30 was expended on behalf of Richard Wayne Beach, the son of Wilford Beach, a trustee of the Foundation and also an employee, stockholder and officer of the donor-taxpayer. The salary of the senior Mr. Beach, a trustee, for 1951 from the taxpayer was $12,734. His son received his scholarship aid of $2,236.30 between September of 1952 and March of 1955.

The Foundation's total accumulated income, receipts, and/or earnings from its inception through the date payments were made on Mr. Beach's behalf were only $7,033.80. Consequently, Mr. Beach's son received over 30% of the Foundation's then totally available funds.

The Internal Revenue Service disallowed all deductions for charitable contributions made by plaintiff to the Charleston Chair Foundation on the ground that:

"The making of contributions from the funds of an organization to the members of the organization, or relatives of members, is considered to be personal and private in character and to be lacking in the elements of public usefulness and services contemplated by section 101 (6) of the Code. It cannot, therefore, be said that no part of the net earnings inures to the benefit of *any private shareholder or individual.*

"Based on the foregoing, it is held that the Foundation is not entitled to exemption under the provisions of section 101(6) of the Internal Revenue Code. Accordingly, income tax returns should be filed for the Foundation."

## CONCLUSIONS OF LAW

The operation of the Charleston Chair Foundation is fatal to its claimed tax exempt status. This conclusion makes it unnecessary to consider whether or not the Foundation was "organized" for charitable purposes.

In Better Business Bureau of Washington D. C. v. United States, 326 U.S. 279, at page 283, 66 S.Ct. 112, at page 114, 90 L.Ed. 67 (1945), the Court said:

"* * * in order to fall within the claimed exemption, an organization must be devoted to educational purposes exclusively. This plainly means that the presence of a single non-educational purpose, if substantial in nature, will destroy the exemption regardless of the number or importance of truly educational purposes."

In United States v. Community Services, 189 F.2d 421 (4 Cir. 1951), the Court quoted the above language from the Better Business Bureau case and emphasized that the statute requires that such organizations be "organized and operated *exclusively* for * * * charitable * * * purposes."

In this case the narrow class of persons who might benefit, the more restricted group that did benefit and the preference given to the son of the director, stockholder and trustee disclose that the Foundation was not operated exclusively for charitable purposes.

Inasmuch as the Foundation was not exempt under Section 101(6) or 501(c) (3) of the Internal Revenue Codes of 1939 and 1954, respectively, payments made to the Foundation by the taxpayer are not deductible pursuant to Sections 23(q) (2) and 501(c) (3) of the Internal Revenue Codes of 1939 and 1954, respectively.

For the above reasons,

IT IS ORDERED that Plaintiff, Charleston Chair Company recover nothing by its complaint and that accordingly judgment be entered for Defendant, United States of America.