WENDY L. PARKER REHABILITATION FOUNDATION, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wendy L. Parker Rehabilitation Foundation, Inc. v. Commissioner
Docket No. 855-85X.
United States Tax Court
T.C. Memo 1986-348; 1986 Tax Ct. Memo LEXIS 272; 52 T.C.M. (CCH) 51; T.C.M. (RIA) 86348; August 4, 1986. Sidney Meyers, for the petitioner. Kevin C. Reilly, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner seeks a declaratory judgment, pursuant to section 7428, [1] that it is an organization *273 exempt from taxation under section 501(c)(3). The issue presented for our consideration is whether petitioner meets the section 501(c)(3) requirement that no part of its net earnings inure to the benefit of a private individual. This case was submitted for decision pursuant to Rules 122 and 217(b) on the basis of the administrative record as defined in Rule 210(b)(11). For purposes of this proceeding the facts contained in the administrative record are assumed to be true. Rule 217. Petitioner was incorporated, as a not-for-profit corporation, under the laws of New York State on August 16, 1983. As stated in the certificate of incorporation, petitioner was formed for the following purposes: [T]o aid the victims of coma, resulting from motor vehicular accidents, stroke, drowning, and other related causes; to provide such coma victims, who are in various stages of rehabilitation and recovery, with funds and therapeutic equipment and devices used in conjunction with accepeted coma recovery programs; to run fund-raising *274 affairs and social functions in aid of coma victims; to exchange and disseminate information concerning the care and treatment of coma victims in all stages of recovery. Petitioner's officers and directors are: President, George H. Parker (father of Wendy L. Parker); Secretary-Treasurer, Phyllis Parker (mother of Wendy L. Parker); and Vice President, Perry Parker (brother of Wendy L. Parker). The Parkers reside in New York City. Wendy Parker, a recovering coma patient, lives in New York City with her father, mother and brother. On September 15, 1983, petitioner, by George Parker as "Organizer," submitted to respondent Form 1023, "Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code." By letter dated November 2, 1983, respondent requested additional information pertaining to petitioner's application. In response to respondent's request, petitioner provided estimated budgets for its taxable years ending August 31, 1984, and August 31, 1985, as follows: August 31, 1984
August 31, 1985
Income
Voluntary Contributions
$7,500
$7,500
Expenditures
To Coma Recovery Associations,
Head Injury Foundations, and
Support Organizations
$1,500
$1,500
Purchase and Donation of Medically
Related Equipment and Rehabilitation
Devices
2,000
2,000
Payments to RN's, Physical Therapists,
Speech Therapists, and Occupational
Therapists
2,000
2,000
Examination and Treatment Fees of
Physicians and Clinical Psychologists
2,000
2,000
Total Expenditures
$7,500
$7,500
Excess contributions over expenditures
0
0
*275 The evidence, as presented by petitioner in support of its section 501(c)(3) qualification, established that the specific procedures used to select recipients of funds are as follows: [W]e are members of the Coma Recovery Association of Nassau County, a support group meeting twice monthly at South Nassau Community Hospital. At such meetings we are constantly informed of the current (medical) status of each family's patient, both old and new, as well as their medical and social needs. There is no shortage of worthy, needy recipients. Petitioner further represented that its expected source of income if from contributions, and disbursements are for contributions to other coma recovery organizations; purchase of related equipment and devices; and payments to nurses and physicians. Twenty percent of the income will be distributed to organizations and 80 percent to coma patients. Thirty percent of petitioner's income is expected to be expended for the benefit of Wendy L. Parker. On February 2, 1984, respondent issued an initial adverse ruling on petitioner's application. Petitioner protested this ruling. On October 16, 1984, respondent issued a final adverse ruling as to petitioner's *276 exempt status under section 501(c)(3). Respondent therein advised petitioner that an adverse determination was made because "a child of the founder and chief operating officer of the Foundation is a substantial beneficiary of the services contemplated by the organization. This constitutes inurement which is prohibited under Code Section 501(c)(3) and the Regulations thereunder." Section 501(a) exempts from taxation organizations described in section 501(c). To qualify as an exempt organization under section 501(c)(3), an organization, inter alia, must operate exclusively for exempt purposes, and no part of its net earnings can inure to the benefit of any private individual. [2]Triune of Life Church, Inc. v. Commissioner,85 T.C. 45, 52 (1985), on appeal (3rd Cir., Sept. 12, 1985); Church of the Transfiguring Spirit v. Commissioner,76 T.C. 1, 4 (1981). *277 An organization is not operated exclusively for exempt purposes if its "net earnings inure in whole or in part to the benefit of private * * * individuals." Sec. 1.501(c)(3)-1(c)(2), Income Tax Regs. A "private individual" is a person having a personal and private interest in the activities of the organization. Sec. 1.501(a)-1(c), Income Tax Regs. Inurement of "net earnings," as interpreted in section 501(c)(3) and the regulations promulgated thereunder, includes more than a benefit derived from net profits. Inurement of contributions is as fatal to exempt status as inurement of "net earnings." See People of God Community v. Commissioner,75 T.C. 127 (1980). In addition, this Court has held that net earnings may inure to an individual in ways other than through the distribution of dividends.See Unitary Mission Church v. Commissioner,74 T.C. 507, 512-513 (1980), affd. without published opinion 647 F.2d 163 (2d Cir. 1981); Lowry Hospital Association v. Commissioner,66 T.C. 850, 857 (1976). The burden of proof with respect to the grounds set forth in respondent's notice of determination is on petitioner. Rule 217(c)(2)(i); *278 Hancock Academy of Savannah, Inc. v. Commissioner,69 T.C. 488, 492 (1977). To prevail herein petitioner must prove that no part of its net earnings inure to the benefit of any private individual. We conclude that petitioner has failed to carry its burden of proof. Petitioner argues that its activities fall within the broad outline of charity and do not violate the prohibition against inurement of net earnings to private individuals. Petitioner seeks to support this argument by reference to "background facts" not contained in the administrative record. We cannot consider such "background facts." In this type of declaratory judgment proceeding the only relevant evidence is that which is submitted and certified as the administrative record. [3] See Rule 217(a); General Conference of the Free Church v. Commissioner,71 T.C. 920, 929 (1979); Houston Lawyer Referral Service, Inc. v. Commissioner,69 T.C. 570 (1978). *279 Respondent argues that petitioner fails the private inurement test for section 501(c)(3) because of its projected expenditures for the benefit of Wendy Parker. Petitioner maintains that respondent should have considered actual disbursements before making any determination. We agree with respondent. Approval or denial of tax-exempt status may be based on projected as well as actual operations. See La Verdad v. Commissioner,82 T.C. 215, 219 (1984); Dumaine Farms v. Commissioner,73 T.C. 650, 664-665 (1980). Accordingly, respondent was not required to adopt a "wait and see" approach before ruling on petitioner's application. We find from the administrative record that petitioner anticipates disbursing 30 percent of its funds for the benefit of Wendy Parker. Wendy Parker is one of an unspecified number of recovering coma patients. She is the daughter of both the petitioner's President and the Secretary-Treasurer, and the sister of petitioner's Vice President. George Parker, Phyllis Parker and Perry Parker, as officers and directors of a foundation formed to benefit coma patients, including Wendy Parker, have a personal interest in petitioner's *280 affairs to provide assistance, including financial aid, to Wendy Parker and other coma patients. In addition, they are "private individuals" within the meaning of section 1.501(a)-1(c), Income Tax Regs.
The distribution of funds for the benefit of Wendy Parker assists the Parker family in providing for her care. These funds will be used to pay for the medical and rehabilitative care of Wendy Parker. This relieves the Parker family of the economic burden of providing such care. Consequently, there is a prohibitive benefit from petitioner's funds that inures to the benefit of private individuals. See Founding Church of Scientology v. United States,188 Ct.Cl. 490, 412 F.2d 1197 (1969), cert. denied 397 U.S. 1009 (1970) (payments made to family members of organization's founder); Charleston Chair Company v. United States,203 F. Supp. 126 (E.D.S.C. 1962) (scholarship aid given to son of officer and director); Rueckwald Foundation, Inc. v. Commissioner,T.C. Memo. 1974-298 (payments made for nursing home and medical expenses of mother and college expenses of son of officer and director). The Parker family's control *281 over petitioner is not in itself fatal to petitioner's cause. However, petitioner's selection of Wendy Parker as a substantial beneficiary of its disbursements is the determinative factor in this case.Inurement of a benefit to "private individuals," whether monetary or not, as a result of contributions made to a purportedly exempt organization is proscribed. [4] See Lowry Hospital Association v. Commissioner,supra at 857 n. 8; People of God Community v. Commissioner,supra at 133; Horace Heidt Foundation v. United States,145 Ct.Cl. 322, 170 F. Supp. 634, 638 (1959). The benefit to the Parker family is no less tangible because payment is directed not to be Parkers but to others for Wendy Parker's care. We do not doubt that the Parkers are sincere in their efforts to help coma patients, but these good intentions cannot rectify petitioner's *282 failure to meet the standards for tax exemption. We cannot say that respondent has erred in its determination and we so hold. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The "operated exclusively for exempt purposes" test and the "private inurement" test are separate requirements, although there is substantial overlap. Church of the Transfiguring Spirit v. Commissioner,76 T.C. 1, 5 (1981). To operate exclusively for exempt purposes, an organization must serve a public rather than a private interest; consequently, an organization that operates for the benefit of private interests such as the creator or his family does not operate exclusively for exempt purposes. Sec. 1.501(c)(3)-1(d)(1)(ii), Income Tax Regs. An organization operates exclusively for exempt purposes if it engages primarily in activities which accomplish such purposes. Sec. 1.501(c)(3)-1(c)(1), Income Tax Regs. The prohibition against private inurement, in contrast, is complete, and the amount and extent of such inurement is not determinative. Church of the Transfiguring Spirit v. Commissioner,supra↩ at 5.
3. Rule 210(b)(11) provides that the administrative record in the case of a determination relating to an exempt organization includes the request for determination, all documents submitted to the Internal Revenue Service by the applicant in respect of the request for determination, all protests and related papers submitted to the Internal Revenue Service, all written correspondence between the Internal Revenue Service and the applicant in respect of the request for determination or such protests, all pertinent returns filed with the Internal Revenue Service, the notice of determination by the Commissioner, the charter or articles of incorporation or association, or trust indenture or agreement, and any similar or related documents of the organization and any modifications thereof.↩
4. Petitioner maintains that the source of its income, voluntary contributions, is a decisive factor in its favor. The source of an organization's income has nothing to do with whether it is disbursed to private individuals in contravention of sec. 1.501(c)(3)-1(c)(2), Income Tax Regs.↩