AMERICAN SCIENCE FOUNDATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
American Science Foundation v. Commissioner
Docket No. 42383-84X.
United States Tax Court
T.C. Memo 1986-556; 1986 Tax Ct. Memo LEXIS 51; 52 T.C.M. (CCH) 1049; T.C.M. (RIA) 86556; November 20, 1986. *51 Petitioner applied for tax exempt status under section 501(c)(3). Held, petitioner has failed to provide sufficient information to permit the conclusion that its activities will be exclusively in furtherance of exempt purposes within the meaning of section 501(c)(3), I.R.C. 1954. Stanley W. Taylor, for the petitioner. Dianne I. Crosby, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: Respondent has determined that petitioner does not qualify for exemption from Federal income tax under section 501(a)[1] by virtue of being an organization described in section 501(c)(3). Petitioner seeks review of this decision pursuant to section 7428. The issue in this case is whether petitioner has demonstrated that it will operate exclusively in furtherance of one or more exempt purposes within the meaning of section 501(c)(3).Pursuant to Court order, this case is submitted for decision on the basis of the administrative record, whose content is assumed to be true for purposes of this proceeding. The record shows that petitioner has exhausted its administrative remedies. Petitioner is a California corporation, incorporated on March 1, 1984. Its *53 articles of incorporation state that the following are the specific purposes of the corporation: (1) The advancement of science, education and justice. (2) The development and conservation of the mental and physical resources of humanity for the common good. (3) To assist talented and dedicated individuals who will likely make a significant contribution to humanity and society. (4) To study the various problems of humanity, and to disseminate information relative thereto, with its findings, solutions if any, and recommendations. (5) To engage in research and development in the areas of its interest. (6) To set up centers for the purpose of advancing the proper aims and purposes of the Foundation, and to perpetuate such aims and activities. (7) To sponsor or establish, in connection with such centers, or otherwise, Cooperative, Active Retirement Homes, and/or apartment houses, where active minds, mental and physical abilities, and the experience of the participants, however limited, may be utilized, both for their own benefit and the common good, and not be lost to humanity by neglect, disuse, or forced inactivity. (8) To develope [sic] and demonstrate model and advanced *54 concepts in urban living; to promote improvements in the quality of life and health of the occupants of such projects; to drastically reduce the cost of housing in high cost areas by the use of scientific methods and enabling the prospective occupants to help themselves, both in the operation of such facilities when completed and in the initial construction thereof; thereby assisting in reducing unemployment, welfare rolls, public rent subsidies, public transportation costs, and crime. (9) To provide a vehicle whereby philanthropic individuals or entities may contribute in a meaningful way to the benefit of mankind wherein they, as donors, may control and direct the policy of their Foundation, within the scope of Section 501(c)(3), and express their personal preference as to the areas within which their individual donations are to be expended. Upon receipt of petitioner's application for exempt status on Form 1023, respondent requested a detailed description of petitioner's intended methods of operation. This request was made in order to gather facts on the basis of which respondent could determine if petitioner satisfied the operational test of section 1.501(c)(3)-1(c), Income Tax Regs. *55 In its final adverse determination, respondent ruled that petitioner provided insufficient information for allowing a favorable determination under the operational test. [2]
We agree with respondent for the reasons elaborated below. An organization described in section 501(c)(3) will be exempt from Federal income taxation pursuant to section 501(a). An organization will qualify under section 501(c)(3) if and only if it satisfies every one of the following requirements: (1) it is organized and operated exclusively for exempt purposes; (2) no part of its net earnings inures to the benefit *56 of any private shareholder or individual; and (3) it devotes no substantial part of its activities to political lobbying activity. La Verdad v. Commissioner,82 T.C. 215, 219 (1984); Hancock Academy of Savannah, Inc. v. Commissioner,69 T.C. 488, 492 (1977). Petitioner is not presently operational, and it does not intend to commence operations until it gains recognition as a 501(c)(3) organization. While an organization may seek tax exempt status before beginning operation, it must provide sufficient detail to permit the conclusion that its operations will meet the necessary requirements of the exemption. La Verdad v. Commissioner,82 T.C. at 219; World Family Corp. v. Commissioner,81 T.C. 958 (1983); Dumaine Farms v. Commissioner,73 T.C. 650 (1980). [3]
Petitioner must carry *57 the burden of establishing that its operations will be exclusively in furtherance of exempt purposes. Hancock Academy of Savannah, Inc. v. Commissioner,supra; Rule 217(c)(2)(i). The denial of exemption may be based solely upon the failure by petitioner to provide information describing in adequate detail how the operational test would be met. General Conference of the Free Church v. Commissioner,71 T.C. 920, 925 (1979); Church in Boston v. Commissioner,71 T.C. 102, 105 (1978). On Form 1023, petitioner stated that it intends to commence its operations by distributing a hundred scholarship grants. It also intends to disburse an indeterminate number of student loans in unspecified amounts. Petitioner failed to describe the criteria for selection of recipients that it intends to employ. It did not describe how these scholarships' availability would be publicized and how it would determine who would receive loans and who would qualify as grantee. Petitioner has no specific selection committee, and there is no description of how one may be set up and what procedures the committee may follow. Petitioner lacks any procedures *58 for determining if the recipient would realize the purpose of the grant and no control mechanism to insure that the grants would in fact be spent on educational endeavors. Grants must be disbursed in an objective and nondiscriminatory manner in order to constitute an activity in furtherance of an exempt purpose. La Verdad v. Commissioner,82 T.C. at 220; Church in Boston v. Commissioner,supra at 107. Petitioner has failed to furnish any evidence on the basis of which we could reasonably infer that it will comply with the criterion of objective and nondiscriminatory disbursement. It has only repeated a vague and general statement of intent to comply with section 501(c)(3). Mere statement of intent to comply with the statute does not suffice for meeting petitioner's burden of proof on this issue. La Verdad v. Commissioner,82 T.C. at 221. Petitioner also intends to construct and sell a "Cooperative Active Retirement Home." Form 1023 (Schedule E) calls for precise information on "Homes for Aged." On its Form 1023, petitioner drew *59 a line across Schedule E, claiming that it was not applicable. In response to a letter from respondent requesting additional information on this project, petitioner enumerates only two criteria for the selection of owner-occupants: that they be compatible with one another and that they be financially responsible. But petitioner has no minimum age requirement for admission into the cooperative for the aged. Moreover, there is no description of how, if at all, the housing would be designed to meet the particular problems of the aged. E.g., no procedure is indicated for dealing with those participants who once admitted may become financially unable to maintain their commitment to the cooperative. There is nothing in the administrative record on the basis of which we could differentiate petitioner's envisioned housing cooperative from any other commercially developed cooperative. Therefore, petitioner has failed to carry its burden of proving that it will operate exclusively in furtherance of exempt purposes within the meaning of section 501(c)(3). Consequently, respondent's denial of exempt status was reasonable. Since we have found that petitioner has failed to establish that *60 it will operate exclusively in furtherance of exempt purposes, we need not discuss alternative grounds for denying exempt status, such as the possibility of private inurement of foundation activities. In its brief, petitioner raises the conceptual argument that it is never possible to "establish" that it will operate in furtherance of exempt purposes because as a general matter nothing can be proved about future events. We simply note that petitioner has misunderstood the operational test. The test requires that the organization establish reasonable standards and criteria for its operation as an exempt organization, not some sort of metaphysical proof of future events. In order to gain exempt status, petitioner must develop an administrative record that permits the reasonable conclusion, based on facts in the record, that the organization will meet the necessary operational requirements of the exemption. World Family Corp. v. Commissioner,supra.Petitioner is still at liberty to develop such a record. We would not be bound by principles of res judicata from reviewing *61 a petition based on a new record. Church in Boston v. Commissioner,supra at 108. See also Houston Lawyers Referral Service v. Commissioner,69 T.C. 570, 577-578 (1978). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Regulations interpreting section 501(c)(3) require that 501(c)(3) organizations must both be organized and operated for one or more of the exempt purposes. Section 1.501(c)(3)-1(a)(1), Income Tax Regs.↩ Since respondent does not contest petitioner's qualification under the organizational test, we confine our inquiry to petitioner's qualification under the operational test.
3. See also Church of Nature in Man v. Commissioner,T.C. Memo. 1985-212; Pius XII Academy, Inc. v. Commissioner,T.C. Memo. 1982-97, affd. 711 F.2d 1058↩ (6th Cir. 1983).