T.C. Memo. 2004-12

UNITED STATES TAX COURT

PEOPLES PRIZE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18658-02X.            Filed January 15, 2004.

Daniel L. Pfaff (President), for petitioner.

Elizabeth Edwards and Michael Blumenfeld, for respondent.

MEMORANDUM OPINION

HAINES, Judge:  Respondent determined that Peoples Prize does not qualify as an organization described in section 501(c)(3) and consequently is not exempt from Federal income tax under section 501(a).  Petitioner challenged respondent's determination by timely filing a petition for a declaratory judgment pursuant to section 7428(a) after exhausting its administrative remedies and satisfying jurisdictional

requirements. See sec. 7428(b)(3); Rule 210(c). The case was submitted for decision under Rule 122 upon the stipulated administrative record. For purposes of this proceeding, the facts and representations contained in the administrative record are accepted as true, see Rule 217(b), and are incorporated herein by this reference. The issue for decision is whether petitioner is operated exclusively for charitable purposes within the meaning of section 501(c)(3).

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner, a nonprofit corporation, with its principal place of business at Warren, Michigan, was incorporated under the laws of Michigan on February 1, 2000, with its purpose being "To create and administer prizes for humanitarian goals. The prizes will be broad based, consisting of donations of no more and no less than $1.00 (one dollar US currency) per person."

Petitioner's Form 1023, Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code, was filed on May 14, 2001. Petitioner supplemented the information contained in Form 1023 through correspondence with respondent during the remainder of 2001 and into early 2002.

The original articles of incorporation were restated on September 13, 2001, and January 9, 2002, to provide:

> PEOPLES PRIZE is organized exclusively for charitable, religious, educational, and scientific purposes, including, for such purposes the making of distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code, or the corresponding section of any future federal tax code.
>
> PEOPLES PRIZE will fulfill these purposes by creating and administering prizes for humanitarian goals.  The prizes will be broad based, consisting of donations of at least $1.00 (one dollar US currency) per person.

Petitioner does not intend to commence operations until it receives recognition as a section 501(c)(3) organization.  In response to respondent's requests to provide greater detail about its proposed activities, petitioner provided the following description:

> Peoples Prize plans to become an Internet-based appeal for support of bold humanitarian goals. * * * All monetary contributions that we receive from individuals and from any source will be applied to prizes.  We will be posting the amount of contributions, the amount of prizes (these will be identical), and the number of contributions on the website daily or as frequently as possible. * * * It is our hope and expectation that the prizes will continue to grow continuously, both in the dollar amount and in the number of contributors.  When a challenge is eventually achieved by one of the competitors, Peoples Prize will award the monetary amount of the prize to the victor. * * * The entire process is much like circulating a petition, combined with a real and growing prize to create interest and eventually real competition. * * * Our first prize is for the mass production of a reliable car.

> *     *     *     *     *     *     *

> For example, our first prize states:  "We the people hereby join together to each contribute one dollar (U.S.) to this prize to be awarded to the first company to manufacture,

sell and deliver within 365 days more than 100,000 cars and/or light trucks with the proven ability to go ONE MILLION KILOMETERS without replacement parts (excluding tires, brake pads, and filters)." This prize will be awarded to an automobile manufacturing company when it can demonstrate to it's [sic] competitors, to the media, and to Peoples Prize that it has reached the goal. The economic and other benefits to humanity will be enormous, but proportionally, the most beneficial impact will be felt by the working poor and low income persons in all lands by increasing the supply of reliable used vehicles and reducing the cost per year to purchase and maintain a motor vehicle.

The prizes will all be for long-term, bold, large objectives that would seem to be impossible, such as a million-kilometer car, a universal alphabet, etc. We will actively solicit ideas for further prizes. They must be of direct general benefit to the well being of humanity, particularly to large numbers and future generations, and not to a limited few (such as a cure for an extremely rare disease). There will be no prizes for space exploration. We anticipate maintaining only a small number of prizes at a time.

On March 11, 2002, respondent issued a proposed adverse ruling as to petitioner's exempt status. Petitioner filed a protest to the proposed adverse ruling on April 17, 2002. On August 15, 2002, respondent issued a notice of determination denying petitioner's exempt status and stated as reasons for the denial:

You have not established that you are operated exclusively for exempt purposes within the meaning of section 501(c)(3) of the Code. Your primary activity is the promotion of the private interests of for-profit companies rather than the promotion of a public charitable purpose. Furthermore, you have failed to establish that your activities serve to lessen the burdens of government within the meaning of section 501(c)(3) of the Code.

On November 18, 2002, petitioner filed a timely petition for declaratory judgment seeking a determination that it is a

qualified section 501(c)(3) organization exempt from Federal income tax under section 501(a).

## Discussion

A tax exemption is a matter of legislative grace, and an organization seeking an exemption must prove that it "comes squarely within the terms of the law conferring the benefit sought". Nelson v. Commissioner, 30 T.C. 1151, 1154 (1958); see also Fla. Hosp. Trust v. Commissioner, 103 T.C. 140, 153 (1994), affd. 71 F.3d 808 (11th Cir. 1996).

An organization may seek tax-exempt status before it begins operations, but the administrative record must set forth sufficient detail about its prospective operations to provide the basis for the granting of the exemption. Nationalist Movement v. Commissioner, 102 T.C. 558, 572 (1994), affd. 37 F.3d 216 (5th Cir. 1994); La Verdad v. Commissioner, 82 T.C. 215, 219 (1984); World Family Corp. v. Commissioner, 81 T.C. 958 (1983); Church of Boston v. Commissioner, 71 T.C. 102, 105 (1978); Hancock Acad. v. Commissioner, 69 T.C. 488, 492 (1977).

Petitioner has, for the most part, provided only generalizations in response to repeated requests by respondent for more detail on prospective activities. As petitioner states in its reply brief:

> once momentum for our first prize is substantial, we will launch additional prizes to benefit of humankind. The prizes will be chosen only after months and years of extended deliberation and collaboration. We will

continually solicit ideas, and select those promising the greatest benefit to humankind.  Interest income from the growing prizes will be used to fund and promote new prizes so the corporation can continue creating and awarding prizes into the indefinite future.

Such generalizations do not satisfy us that petitioner qualifies for the exemption.  See La Verdad v. Commissioner, supra at 221; World Family Corp. v. Commissioner, supra at 966.

The single activity for which petitioner did provide detail, raising money to award a prize to a manufacturing company that develops and builds a reliable car, was determined by respondent to promote the private interests of for-profit companies as opposed to public charitable purposes.  In addition, respondent found that the activity would not lessen the burdens of the Government.  Petitioner concedes that its activity will not lessen the burdens of the Government but contends it will relieve the poor and distressed by providing transportation less costly to purchase and maintain.

Section 501(a)[1] exempts organizations described in section 501(c)(3) from Federal income tax.  In order to qualify for an exemption under section 501(c)(3), the organization must be not only organized exclusively for exempt purposes but also operated exclusively for exempt purposes.  Quality Auditing Co. v. Commissioner, 114 T.C. 498, 504 (2000).  Respondent conceded that petitioner is organized for exempt purposes but denies that petitioner will be operated exclusively for exempt purposes.

Exempt purposes are broadly stated in section 501(c)(3) to include religious, charitable, scientific, and educational

---

[1] Sec. 501, in relevant part, provides:

SEC. 501. (a) Exemption From Taxation.— An organization described in subsection (c) * * * shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503.

* * * * * * *

(c) List of Exempt Organizations.— The following organizations are referred to in subsection (a):

* * * * * * *

(3) Corporations * * * organized and operated exclusively for * * * charitable * * * purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, * * * and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

purposes. "Charitable" is further defined in section 1.501(c)(3)-1(d)(2), Income Tax Regs., as follows:

> The term "charitable" is used in section 501(c)(3) in its generally accepted legal sense and is, therefore, not to be construed as limited by the separate enumeration in section 501(c)(3) of other tax-exempt purposes which may fall within the broad outlines of "charity" as developed by judicial decisions. Such term includes: Relief of the poor and distressed * * * lessening of the burdens of Government;

To operate "exclusively" for exempt purposes does not mean that there must be an absence of nonexempt purposes. Quality Auditing Co. v. Commissioner, supra at 504; Nationalist Movement v. Commissioner, supra at 576. A single activity might be directed to both an exempt and a nonexempt purpose. Our inquiry must determine whether the nonexempt purpose is incidental and not substantial. If the nonexempt purpose is substantial, the organization will not satisfy the operational test regardless of the number or importance of truly exempt purposes. See Better Bus. Bureau v. United States, 326 U.S. 279, 283 (1945); Am. Campaign Acad. v. Commissioner, 92 T.C. 1053, 1065 (1989); Church of Scientology v. Commissioner, 83 T.C. 381 (1984), affd. 823 F.2d 1310, 1315 (9th Cir. 1987); see also sec. 1.501(c)(3)-1(c)(1), Income Tax Regs.

A nonexempt purpose can arise if an organization benefits private interests. See Am. Campaign Acad. v. Commissioner, supra at 1066. Section 1.501(c)(3)-1(d)(1)(ii), Income Tax Regs., states:

> An organization is not organized or operated exclusively for one or more of the purposes specified in * * *[section 501(c)(3)] unless it serves a public rather than a private interest. Thus, * * * it is necessary for an organization to establish that it is not organized or operated for the benefit of private interests * * *

Private interests within the meaning of this rule may include not only related persons and insiders but also unrelated and disinterested private parties. See Am. Campaign Acad. v. Commissioner, supra at 1068-1069. If the unrelated and disinterested third party is a charitable class, bestowing of benefits on that class will not be grounds for denying the exemption. See Aid to Artisans, Inc. v. Commissioner, 71 T.C. 202, 208, 212-213 (1978). However, if the disinterested third party is not a charitable class, benefits bestowed on the third party, if substantial and not incidental, will be sufficient to cause the exemption to be denied. See Am. Campaign Acad. v. Commissioner, supra at 1068; Christian Stewardship Assistance, Inc. v. Commissioner, 70 T.C. 1037 (1978).

Car and truck manufacturers, who will receive the prize, are not members of a charitable class. Cf. Aid to Artisans, Inc. v. Commissioner, supra at 215. After examining the administrative record, we have no reasonable basis, other than speculation by petitioner, to conclude that the poor and distressed or any other charitable class would receive any benefit from the activity proposed. We conclude that the administrative record fully

supports respondent's determination that petitioner is not entitled to exemption under section 501(c)(3).

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.