The **BASIC UNIT MINISTRY OF ALMA KARL SCHURIG**, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Appellee.

No. 81–1247.

United States Court of Appeals, District of Columbia Circuit.

Jan. 15, 1982.

Alma Karl Schurig, pro se, was on the brief for appellant.

John F. Murray, Acting Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Michael L. Paup, Ann Belanger Durney and Murray S. Horwitz, Attys., Dept. of Justice, Washington, D. C., were on the brief for appellee.

Before McGOWAN, Senior Circuit Judge, MacKINNON and GINSBURG, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Appellant, The Basic Unit Ministry of Alma Karl Schurig, seeks a declaratory ruling that it is a tax-exempt religious organization under 26 U.S.C. § 501(c)(3) (1976).[1] We conclude, substantially for the reasons stated by the District Court in its Memorandum, *The Basic Unit Ministry of Alma Karl Schurig v. United States of America*, 511 F.Supp. 166 (D.D.C. 1981), that taxpayer has not demonstrated that it qualifies as a tax-exempt religious organization. We note particularly that the United States does not now dispute that taxpayer was organized for religious purposes, and that the District Court did not address the question whether taxpayer is a church.

■ From our review of the record we conclude that taxpayer failed to establish, in submissions to the Internal Revenue Service (IRS) or to the District Court, one vital requirement of tax-exempt status, *i.e.*, that "no part of the net earnings of [its organization] inures to the benefit of any private ... individual ..." 26 U.S.C. § 501(c)(3). Appearing through its Presiding Officer, taxpayer confuses a criminal prosecution, in which the government carries the burden of establishing the defendant's guilt, with a suit seeking a declaratory judgment that plaintiff is entitled to tax-exempt status, in which the taxpayer, whether a church or an enterprise of another character, bears the burden of establishing that it qualifies for exemption.

■ Nor is there any substance to taxpayers' contention that it is constitutionally entitled to the "no rule" remedy it sought below. Although the nature of this remedy is unclear, taxpayer appears to have sought from the District Court an order directing the IRS to withdraw its adverse ruling and instead declare that it would not pass on the question of taxpayer's exempt status either favorably or unfavorably. Even sup-

posing some precedent for such relief—and taxpayer provides us with none—and even if we were authorized to dictate procedural forms to the IRS or to grant relief that would have no impact whatever on taxpayer's obligation to file federal income tax returns, we would regard as frivolous taxpayer's current plea for a "no rule" determination. On March 24, 1978, the IRS issued a letter explaining that since taxpayer was unable to provide sufficient information on the operation of its organization, a determination as to its exempt status would not be made. By letters dated April 7 and 22, 1978, taxpayer protested the refusal of the IRS to rule it exempt. Under the circumstances, having invited a ruling, taxpayer is in no position to complain that the IRS answered its protest by denying its claim.

On consideration of the foregoing, and for the reasons set forth in the District Court's opinion which we include as an Appendix hereto, the judgment of the District Court on appeal herein is hereby affirmed.

*Judgment accordingly.*

## APPENDIX

*The Basic Unit Ministry of Alma Karl Schurig v. United States of America, et al.,*

Civil Action No. 79–3307 (D.C.D.C. Jan. 31, 1981).

Memorandum of John Lewis Smith, District Judge

Plaintiff, a nonprofit Utah corporation, seeks a ruling regarding its qualification as a tax-exempt religious organization under 26 U.S.C. § 501(c)(3) (1976). Defendants are the United States and the Commissioner of the Internal Revenue Service. Jurisdiction is premised upon 28 U.S.C. § 1346(e) (1976). Under 26 U.S.C. § 7428, the remedy of a declaratory judgment is available to

---

[1]. 26 U.S.C. § 501(c) defines the class of organizations made exempt from the federal income tax by 26 U.S.C. § 501(a) and includes:

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable,

scientific, testing for public safety, literary, or educational purposes ... *no part of the net earnings of which inures to the benefit of any private shareholder or individual ...* [emphasis added].

taxpayers seeking a tax exempt classification. Presently before the Court are cross motions for summary judgment and defendants' motion to dismiss the Commissioner as an improper party.

As an initial matter, the motion to dismiss the Commissioner is granted. The jurisdictional provision enabling this action, 28 U.S.C. § 1346(e), provides only for suits against the United States, not against its officers.

At issue in the summary judgment motions is the propriety of defendant's determination that plaintiff was not eligible for exemption. The record reveals that in October of 1977 plaintiff applied for an exemption from taxation. At the time it was comprised of six members. Two were the husband and wife founders (the Schurigs) and the remaining four were members of their family. Mr. Schurig is the Presiding Officer of the organization. Plaintiff now claims fifteen total members. Membership is subject to majority vote of the members and to the approval of the Presiding Officer, other than membership by birth or marriage. The stated purpose of the organization is to carry on religious and charitable work and to develop the physical, mental, social, emotional, and spiritual welfare of its members. Plaintiff claims that its members engage in extensive religious services and education, Sunday school activities, that they administer emotional, spiritual, and financial assistance to the needy, and carry on extensive missionary work. Plaintiff has stated that approximately thirty per cent of its income is spent on exempt purposes not including the maintenance of its members. This money is spent on purposes such as aid to underprivileged peoples, missionary support, welfare contributions, and chapel maintenance and construction. Plaintiff has offered no details on these disbursements.

Plaintiff also has a definite economic structure. Pursuant to its constitution, members must voluntarily renounce ownership of their personal property by deeding and assigning such property and their income to the organization. The Presiding Officer approves checkwriting privileges to draw on plaintiff's funds. Withdrawing members may reclaim their property only at the discretion of plaintiff. Members must serve in "stewardships" on behalf of plaintiff, which often consist of "apparently non-religious" services performed for third parties who pay the salaries of members directly to plaintiff without withholding taxes. Plaintiff in turn pays all the living expenses of the members. It appears that 70% of plaintiff's expenditures go to the support of its members.

Sections 501(a) and (c) of the Internal Revenue Code allow tax exemptions for organizations that are organized and operated exclusively for religious, charitable, and other specified exempt purposes, provided that no part of the net earnings of the organization inure to the benefit of any private shareholder or individual. Treasury Regulation Section 1.501(c)(3)–1(a)(1) requires that in order to be exempt pursuant to Section 501(c)(3), an organization must be both organized and operated exclusively for any one or more of the purposes enumerated in that Code section. An organization is not operated exclusively for such exempt purposes if its net earnings inure in whole or in part to the benefit of private shareholders or individuals. Treas.Reg. Sec. 1.501(c)(3)–1(c)(2). Pursuant to Treas. Reg. Sec. 1.501(c)(3)–1(d)(1)(ii), an organization is not organized or operated exclusively for one or more of the specified exempt purposes unless it serves a public rather than a private interest.

Applying these principles to the facts offered by plaintiff, defendant denied the application for exemption. In its final action of September 5, 1979, defendant premised the denial on two grounds relevant here: that plaintiff was operated for private benefit, and that a portion of its net earnings inured to private individuals. Defendant also determined that plaintiff is not a church, but that finding will be in issue only if the Court finds that defendant's first two conclusions were erroneous. *See American Guidance Foundation, Inc. v. United States*, 490 F.Supp. 304, 306 (D.D.C. 1980) *appeal docketed* July 18, 1980.

In actions for declaratory judgments such as this, the scope of review is confined to the administrative record unless good cause is shown. *Big Mama Rag, Inc. v. United States*, 494 F.Supp. 473, 474 n.1 (D.D.C. 1979); *rev'd on other grounds*, 631 F.2d 1030 (D.C.Cir.1980). The standard of review is de novo. *Id.* Since defendant relies in its motion here on the same reasons given plaintiff in the final administrative action, the burden is upon plaintiff to show that defendant's determination is wrong. *Basic Bible Church v. United States*, 74 T.C. No. 62, at 14–15 & n.7 (1980).

It is apparent from the record presented that plaintiff has not carried that burden here. It has not shown that it operated for other than the private interest of its members, nor that its earnings do not inure to its members. In factual situations such as here, where there is evident potential for abuse of the exemption provisions and avoidance of taxes, plaintiff must openly and candidly disclose all facts bearing upon the operation and the finances of the organization. *Bubbling Well Church v. Commissioner*, 74 T.C. 531, 535 (1980). That has not been done. Plaintiff did not proffer sufficiently detailed evidence as to the nature of the charitable disbursements, or as to the extent of the maintenance and support of the members. The services which plaintiff claims its members performed for it are characterized more by generalizations than specifics. And finally, plaintiff refuses to reveal the charitable actions it takes. Each time defendant requested additional information, plaintiff responded that it had already provided the data, or that it was unable to furnish anything further. While it did offer to answer any questions that defendant might have, that asserted readiness misconstrues the burden of plaintiff, in both the administrative proceedings and before this Court, to positively demonstrate that it qualifies for the exemption. Accordingly, plaintiff is not entitled to the privilege of tax exempt status.

Plaintiff also asserts that its First Amendment rights have been violated by the denial of exempt status. There is no serious contention or evidence that defendant is in any way biased or has acted in a biased manner against this particular plaintiff. Since religious organizations may be taxed, it follows that the government may decide to grant reasonable exemptions to qualifying organizations while continuing to tax those who fail to meet the qualifications. *Parker v. Commissioner*, 365 F.2d 792, 795 (8th Cir. 1966), *cert. denied*, 385 U.S. 1026, 87 S.Ct. 752, 17 L.Ed.2d 674 (1967). In view of the fact that plaintiff has not shown that it meets the relevant qualifications, defendant's motion for summary judgment will be granted, and plaintiff's denied. An order consistent with this memorandum follows. [Order omitted.]