55 F.3d 684
 312 U.S.App.D.C. 119, 75 A.F.T.R.2d 95-2068,
95-1 USTC P 50,279
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
AIRLIE FOUNDATION, INC., Appellant,
v.
UNITED STATES OF America, Appellee.
 No. 93-5254.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1995.
 
 Before: GINSBURG, HENDERSON AND TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. See D.C. Cir. Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Airlie Foundation, Inc. (AFI) appeals the grant of summary judgment to the government in AFI's declaratory judgment action challenging the Internal Revenue Service's revocation of its tax-exempt status. The district court upheld the revocation because AFI operated for non-exempt purposes and for private inurement. AFI contends that the district court improperly considered certain evidence and grounds for revocation and maintains that the district court misapplied the standard for revocation. We affirm the district court.
 
 
 5
 AFI was organized in 1960 as a not-for-profit educational resource center. In 1963, the Internal Revenue Service (IRS) granted AFI an exemption from federal income tax as a section 501(c)(3) organization.[1] In 1979, Dr. Murdock Head (Head), the founder and executive director of AFI, was convicted of bribery of a public official, in violation of 18 U.S.C. Sec. 201, and of conspiracy to commit tax fraud and to bribe public officials, in violation of 26 U.S.C. Secs. 7201, 7206 and 18 U.S.C. Secs. 201, 371.[2] AFI and Raven's Hollow, Ltd., another corporation controlled by Head, had been named as unindicted co-conspirators in that prosecution. Following the criminal case, the IRS initiated an investigation of AFI's tax-exempt status for the years 1976 through 1980. At the conclusion of the investigation, the IRS determined that AFI did not operate exclusively for exempt purposes because it operated for the private benefit of Head.[3] In 1988, the IRS issued a notice of determination which revoked, effective January 1, 1976, AFI's tax-exempt status as a section 501(c)(3) organization.
 
 
 6
 AFI brought a declaratory judgment action under 26 U.S.C. Sec. 7428(a) challenging the revocation of its tax-exempt status.[4] The district court rejected the challenge and granted summary judgment to the government. Airlie Found., Inc. v. United States, 826 F. Supp. 537 (D.D.C. 1993). The district court agreed with the IRS that "AFI was not operated exclusively for an exempt purpose but for the private benefit of Dr. Head and his family." Id. at 553.[5]
 
 
 7
 We do not reach AFI's claim that the district court improperly relied on evidence from Head's criminal trial. As set forth below, we base our decision solely upon representations made by AFI to the IRS in the course of the administrative proceedings. In its briefs before this Court, AFI does not dispute these facts but contests only the inferences and legal conclusions drawn from these facts by the IRS and the district court. This Court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court. Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). We hold that revocation was proper because undisputed facts establish that AFI did not operate exclusively for tax-exempt purposes but for private inurement.
 
 
 8
 AFI erroneously contends that the applicable test for revocation of tax-exempt status is whether the tax-exempt organization is actually harmed by the transactions at issue; the Internal Revenue Code, however, establishes two requirements, neither of which requires a showing of harm to the organization.
 
 
 9
 First, the organization must "operate exclusively" for tax-exempt purposes. 26 U.S.C. Sec. 501(c)(3); 26 C.F.R. Sec. 1.501(c)(3)-1(d). An organization's tax-exempt status will not be revoked for providing "incidental" while serving an exempt purpose. American Campaign Academy v. Commissioner, 92 T.C. 1053, 1066 (1989). But a single substantial non-exempt purpose served by the organization does nullify the organization's tax exemption regardless of the quantity or substance of its tax-exempt purposes. Id. at 1065; see also 26 C.F.R. Sec. 1.501(c)(3)-1(c)(1) (same). An organization does not operate exclusively for tax-exempt purposes if it serves a private rather than a public interest. Easter House v. United States, 12 Cl. Ct. 476, 487 (1987), aff'd, 846 F.2d 78 (Fed. Cir.), cert. denied, 488 U.S. 907 (1988); see also 26 C.F.R. Sec. 1.501(c)(3)-1(d)(1)(ii) (same). This requirement applies to the organization's actual, not purported, purposes. American Campaign Academy, 92 T.C. at 1064.
 
 
 10
 Second, "no part of the net earnings" of the organization may "inure to the benefit of any private shareholder or individual." 26 U.S.C. Sec. 501(c)(3) (emphasis added); see also 26 C.F.R. Sec. 1.501(c)(3)-1(c)(2) (same). Thus the extent of the inurement is immaterial. Orange County Agric. Soc'y, Inc. v. Commissioner, 893 F.2d 529, 534 (2d Cir. 1990); Freedom Church of Revelation v. United States, 588 F. Supp. 693, 698 (D.D.C. 1984). "Private shareholder or individual" has been construed broadly by the courts as any person "having a personal or private interest in the activities of the organization," including the organization's founder and family. Presbyterian & Reformed Pub. Co. v. Commissioner, 743 F.2d 148, 153 (3d Cir. 1984); see also 26 C.F.R. Sec. 1.501(a)-1(c).
 
 
 11
 These two requirements, "though separate, frequently overlap." Church by Mail, Inc. v. Commissioner, 765 F.2d 1387, 1391 (9th Cir. 1985). Failure to satisfy either requirement results in revocation of the organization's tax-exempt status. Orange County Agric. Soc'y, 893 F.2d at 532-34. The burden is on the organization to establish that it meets the statutory requirements for tax-exempt status. Basic Unit Ministry v. Commissioner, 670 F.2d 1210, 1211 (D.C. Cir. 1982); Orange County Agric. Soc'y, 893 F.2d at 534; see also Tax Ct. R. 217(c) ("The burden of proof shall be upon the petitioner as to jurisdiction and as to the grounds set forth in the notice of determination."). AFI has failed to meet its burden. To affirm the district court we find it necessary to discuss only one instance of AFI's operation for private inurement.
 
 
 12
 It is undisputed that Raven's Hollow, which leased personal and real property from AFI, did not meet its rent obligations in a timely manner. AFI allowed Raven's Hollow to accumulate hundreds of thousands of dollars in rental debt. In 1977, Raven's Hollow was voluntarily dissolved. That year, a new for-profit corporation, also named Raven's Hollow, was formed and infused with $1.6 million in capital. The new Raven's Hollow, owned in part by Kimmaren Corporation, a corporation owned in turn by Head's children, paid off most of old Raven's Hollow's debts but AFI forgave $33,672 in accrued interest. AFI contends that the accrued interest was forgiven "because of the unlikelihood of repayment." But the new Raven's Hollow continued to provide services to AFI and to bill AFI for those services. AFI could not explain why it did not deduct the accrued interest debt from subsequent bills it received for services provided by the new Raven's Hollow. AFI's forgiveness of the accrued interest is an example of how the earnings of AFI inured to private benefit, namely to the benefit of the new Raven's Hollow, a for-profit entity, and of those parties, including Head's children, with a financial stake in it.
 
 
 13
 Because AFI operated for private inurement, it did not meet the statutory requirements to maintain its tax-exempt status as a section 501(c)(3) organization. We therefore affirm the district court.
 
 
 
 [1]
 Section 501(c)(3) includes inter alia "any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, ... no part of the net earnings of which inures to the benefit of any private shareholder or individual ...." 26 U.S.C. Sec. 501(c)(3). The listed organizations are exempt from federal income taxation. 26 U.S.C. Sec. 501(a)
 
 
 [2]
 Head established and controlled a network of taxable and tax-exempt entities. The transactions that took place within the network of organizations formed the basis for the IRS's revocation of AFI's tax-exempt status, as discussed at length by the district court. Airlie Found., Inc. v. United States, 826 F. Supp. 537, 539-45 (D.D.C. 1993)
 
 
 [3]
 The IRS also determined that AFI did not operate exclusively for an exempt purpose because it operated a conference center "as a business of a type ordinarily carried on for profit." Joint Appendix (JA) 453. The IRS explained that AFI's conference center provided services "similar to those provided by commercial hotels or resorts" and "derived substantial income" from business entities that rented the facility but that the center did not provide services at substantially below cost to other section 501(c)(3) organizations nor did it show that the facility was used by organizations to promote education within the meaning of section 501(c)(3). Id. On remand from the district court the IRS iterated that AFI jeopardized its exempt status "when its primary activity is the operation of a conference center facility with the general public in a manner similar to commercial hotels or resorts." Id. at 97; see also id. at 453
 
 
 [4]
 Under this section, once the IRS makes its determination "with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a)," the United States Tax Court, the United States Claims Court or the district court for the District of Columbia may issue a declaratory judgment regarding the agency's determination. 26 U.S.C. Sec. 7428(a)
 
 
 [5]
 The district court denied the government's motion for summary judgment on the ground that AFI operated its conference center facility "in a manner similar to commercial hotels or resorts" because of disputed issues of material fact. 826 F. Supp. at 549. The government did not appeal that denial